**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **AIRPORT ROAD, LLC** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. No.** |
| | : | |
| **FRANKEN REALTY,** | : | |
| **a Rhode Island General Partnership** | : | CA 07 085 ML |
| **consisting of Coval Kenneth Wild, Jr.,** | : | |
| **Doug Laing, and Frank Rawcliffe, and** | : | |
| **JAY BEE REALTY, LLC, a Rhode Island** | : | |
| **limited liability company** | : | |
| **Defendant** | : | |

**COMPLAINT**

Plaintiff, Airport Road, LLC for its Complaint against Defendants, Franken Realty, Coval Kenneth Wild, Jr., Doug Laing, Frank Rawcliffe, and Jay Bee Realty, LLC states as follows:

**INTRODUCTION**

This is a cost recovery action arising under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), title 42, section 9601 *et seq*. of United States Code, as amended, and under related Rhode Island law and statutes.

**PARTIES**

1. Plaintiff, **AIRPORT ROAD, LLC**, is a limited liability company organized and existing under the laws of the State of Rhode Island, with its principal place of business in Johnston, Rhode Island.

2. Defendant, **FRANKEN REALTY**, is a Rhode Island general partnership consisting of Kenneth Wild and Frank Lang as its general partners.

3. Defendant, **C. KENNETH WILD, JR.,** is an individual residing at 3376 West Shore Road, Warwick, Rhode Island.

4. Defendant, **DOUG LAING,** is an individual residing at 35 Hawthorne Court, North Kingstown, Rhode Island.

5. Defendant, **FRANK RAWCLIFFE,** is an individual residing at 11 Fatima Road, Warwick, Rhode Island.

6. Defendant, **JAY BEE REALTY, LLC,** is a Rhode Island limited liability company with its principal place of business at 450 Pavillion Avenue, Warwick, Rhode Island.

7. Plaintiff owns real property in Warwick, Rhode Island abutting Hallene Road and Airport Road, further designated as Lots 138 and 191 on Warwick Tax Assessors Plat Map 311 ("Plaintiff's Land").

8. Defendant, **JAY BEE REALTY, LLC**, currently owns real property in Warwick, Rhode Island at 450 Pavillion Avenue, further designated as Lots 245 and 246 on Warwick Tax Assessor's Plat Map 311 ("Defendant's Land").

9. Defendant, **FRANKEN REALTY,** owned Defendant's Land until January 16, 2007, and currently holds a mortgage on Defendant's Land. The property was previously owned or occupied by COVAL CORPORATION, a/k/a Mays, Marshall & Meier Co. (hereinafter, "COVAL"). At all times relevant hereto, C. Kenneth Wild, Jr. was the president of COVAL. COVAL was a Rhode Island corporation with its principal place of business located at 450 Pavillion Avenue in Warwick, Rhode Island. The corporate charter for COVAL was revoked in 1999.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States of America; specifically, because Count I and Count II are predicated upon and seek relief pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERLCA"), 42 U.S.C. § 9607 and § 9613.

11. This Court has supplemental jurisdiction over the Rhode Island state law claims set forth in Counts III through VII pursuant to 28 U.S.C. § 1367.

12. Pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), venue is proper in this Court because this case arises out of actions occurring at, and pertaining to property located within this judicial district.

## FACTS

13. Plaintiff's Land is and approximately forty-seven acre site consisting of two contiguous parcels, shown on Warwick Tax Assessor's Plat Map 311, Lots 191 and 138, and identified with an address of Hallene Road and Greenacre Avenue in Warwick, Rhode Island. Plaintiff's Land is bounded by Airport Road at the southeastern corner, Hallene Road to the southwest, Greenacre and Evergreen Avenues to the west, and Commerce Drive to the east.

14. Defendant's Land is an approximately four and one-half acre site located on Hallene Road and Pavillion Avenue in Warwick, Rhode Island. Defendant's Land contains an industrial building containing 28,939 square feet.

15. The Defendant's Land is occupied by a manufacturing building and a storage garage. The rest of the property is mostly paved. An unpaved area with soil

staining was formerly occupied by a lagoon and a temporary sludge storage area. Current operators on the property include a transport service, two jewelry manufacturers, and Buontempo Industries. The property is bordered to the northeast by Pavilion Avenue, to the southeast by a private residential property, and to the south by an abandoned Northeast Clarklift facility.

16. Defendant's Land is listed on the CERCLIS database as RCRA Identification Number RID001188549, and Facility Identification Number 02887MYSMR450PA. The CERCLIS database is a compilation by the EPA of the properties that the EPA has investigated or is currently investigating for a release or threatened release of hazardous substances.

17. According to records of the United States Environmental Protection Agency, ("USEPA"), from 1961 to 1997, COVAL manufactured metal (brass, bronze, silver, gold, etc.) clips for pens and pencils on the property. Reportedly, trichloroethylene (TCE) and 1,1,1-trichloroethane (TCA) were solvents used in the manufacturing process. On-site manufacturing processes generated waste solvent mixed with quenching oil and tumbling wastes (liquids and solids). The solvent wastes were distilled and stored in 55-gallon drums prior to removal from the property by a waste hauler. For an unknown period of time, the tumbling wastes containing silica flour, a water-soluble oil, detergent, and a soluble rust inhibitor were discharged to a lagoon formerly located in the southern portion of the property. Settled sludge was periodically removed from the lagoons, stored on ground surface, allowed to dry, and then transported to an off-site landfill. COVAL was permitted to discharge wastewater to nearby surface waters.

18. According to records of the USEPA, previous investigations of the property include a Preliminary Assessment (PA) completed in 1987; a Site Inspection (SI) completed in 1990; a Remedial Investigation conducted by Environmental Science Service (ESS); and a Site Inspection Prioritization (SIP) completed in 1994. Analytical results of source/soil samples collected from the property indicated soil contamination with volatile organic compounds (VOCs), carbon disulfide, chromium, copper, lead, nickel, zinc, and total petroleum hydrocarbons.

19. Defendant has been identified by USEPA as a potentially responsible party with respect to hazardous substances in the Defendant's Land, and, in response to USEPA's demand that they do so, have undertaken investigative and limited remedial activities at the Defendant's Land and the surrounding area. Defendants are obligated-- and have actually undertaken, albeit inadequately and without due consideration for property of Plaintiff to, *inter alia*: investigate the nature and extent of the contamination caused by their continuing operation and maintenance of the Defendant's Land; install sample and monitoring wells in the Defendant's Land; interpret the data generated by this sampling; report to USEPA and the public about the results of Defendants' sampling; report to Rhode Island Department of Environmental Management regarding the results of Defendant's sampling.

20. Hazardous substances from the Defendant's Land, including, but not limited to, trichloroethylene, cis-1, 2-dichloroethene, trichloroethane, tetrachloroethylene, trans-1, 2-dichloroethylene, 1, 1-dichloroethane, arsenic, barium, chromium, lead, mercury, selenium, cadmium, and petroleum hydrocarbons, have contaminated both the

soil and subsurface aquifers which underlie both the Defendant's Land and the Plaintiff's Land.

21. At the time of the contamination of the Defendant's Land, Defendant, C. Kenneth Wild, Jr., was an officer and director of COVAL, had the power to control and direct COVAL's waste management activities, and supervised the personnel who made the decision to dispose of the substances that came to be located on the Defendant's Land and the Plaintiff's Land.

22. Plaintiff has performed a removal site evaluation for the release and threatened release of hazardous substances. As the result of an administrative proceeding instituted by the USEPA and the Rhode Island Department of Environmental Management, a portion of the Site is designated "Environmental Land Use Restriction Area." To resolve the administrative proceeding, an environmental land use restriction for soil and groundwater restriction was recorded in Warwick Deed Book 3028, Page 293 on November 17, 1998.

23. The contaminants on the Defendant's Land pose a threat to human health and/or the environment.

24. Plaintiff has incurred or will incur costs in performing a site evaluation, in drilling monitoring wells, excavating contaminated soils, disposing contaminated soils, pumping and treating the groundwater and for further relevant costs for remediating the Plaintiff's Land, in an amount exceeding $ 2,000,000.

25. All of Plaintiff's costs have been incurred and will be incurred consistent with the National Contingency Plan.

**COUNT I**

**CERCLA COST RECOVERY, 42 U.S.C. § 9607(a)**

26. Plaintiff repeats, realleges and incorporates by reference Paragraph Nos. 1 through 25 of the Complaint as Paragraph No. 26 of Count I as though fully set forth herein.

27. Each Defendant is a "person" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

28. Each Defendant is an "owner" and/or "operator" of a "facility" and/or "generator" and/or "transporter" of "hazardous substances" within the meaning of CERCLA, 42 U.S.C. § 9601. Defendant is a covered person under 42 U.S.C. § 9607(a). As a result, Defendant is a liable person under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

29. The Defendant's Land is a "facility" as defined by § 101 (9) of CERCLA, 42 U.S.C. § 9601(9).

30. "Releases" of "hazardous substances" from the Defendant's Land into the "environment" are continuing.

31. The releases have resulted in the migration of hazardous substances into the Plaintiff's Land.

32. As a result of these releases, Plaintiff has incurred and will continue to incur "response costs" within the meaning of Section 101(23)-(25) of CERCLA, 42 U.S.C. §§ 9601 (23)-(25). All such costs are reasonable and, when applicable, consistent with the National Contingency Plan. Plaintiffs did not pollute the Defendant's Land or otherwise cause the release of hazardous substances from that facility. Accordingly,

Defendants are strictly liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) for all such costs.

33. Plaintiff has incurred response costs.

34. As a result of releases of hazardous substances from the Defendant's Land (a "facility" under § 101 (9) of CERCLA, 42 U.S.C. § 9601(9)), Plaintiff has incurred and will continue to incur "response costs" within the meaning of Section 101 (23)-(25) of CERCLA, 42 U.S.C. §§ 9601 (23)-(25). All such costs are reasonable, and when applicable, consistent with the National Contingency Plan.

**COUNT II**

**CERCLA COST RECOVERY, 42 U.S.C. § 9613(f)**

35. Plaintiff has herein, repeats, realleges, and incorporates by reference Paragraph Nos. 1 through 34 of the Complaint as Paragraph No. 35 of this Count II, as though fully set forth herein.

36. Plaintiff did not cause or contribute to the environmental contamination at the site and denies that it is liable for costs incurred as the result of the alleged release or threatened release of hazardous substances at the site. However, in the interest of an expeditious cleanup and acting in good faith, plaintiff undertook actions in an effort to remediate the environmental contamination at the Plaintiff's Land. Plaintiff has incurred and will incur costs of $ 2,000,000, in the course of taking these actions. These actions and the costs incurred in taking them are consistent with the National Contingency Plan.

37. Plaintiff did not cause or contribute to the environmental contamination at the site and denies that it is liable for costs incurred as the result of the alleged release or threatened release of hazardous substances at the site.

38. Each Defendant is liable to plaintiff for contribution under CERCLA section 113(f), title 42, section 9613(f) of the United States Code, for some or all amounts that plaintiff has incurred and may, in the future, incur as the result of the release or threatened release of hazardous substances from the site, in that defendant is liable for response costs under CERCLA § 107(a), title 42, § 9607(a) of the United States Code.

**COUNT III**

**NEGLIGENCE**

39. Plaintiff has herein, repeats, realleges, and incorporates by reference Paragraph Nos. 1 through 38 of the Complaint as Paragraph No. 39 of this Count III, as though fully set forth herein.

40. Defendants have a duty to Plaintiff not to permit or allow hazardous substances at the Defendant's Land to invade adjacent properties, including the Plaintiff's Land. Defendant also had a duty to promptly respond to known releases of contaminants in a manner which would prevent further contamination, and otherwise protect the Plaintiff's Land.

41. Defendants have breached these duties by their negligent acts and omissions in operating, maintaining, and controlling the Defendant's Land and by their failure to prevent the release of contaminants, and to promptly and effectively address the migration of contaminants off-site and into the groundwater beneath the Plaintiff's Land.

42. Defendants have also breached their duty to warn Plaintiff of the threatened and actual contamination of the soil and water aquifer with hazardous contaminants released from the Defendant's Land onto and under Plaintiff's Land.

43. Statutes such as CERCLA, supra, and the Rhode Island Hazardous Waste Management Act, § 23-19.1-1, *et seq*., and the Rhode Island Groundwater Protection Act, § 46-13.1-1, *et seq*., the Rhode Island Industrial Property Remediation and Reuse Act, § 23-19.14-1 *et seq*., are designed, *inter alia*, to protect human health and property.

44. The aquifer beneath the Plaintiff's Land is a critical renewable resource within the meaning of the Rhode Island Groundwater Protection Act. Releases of contaminants, are continuing from the Defendant's Land to the aquifer located underneath Defendants Land in violation of *inter alia*, CERCLA and the Rhode Island Hazardous Waste Management Act, the Rhode Island Groundwater Protection Act and the Rhode Island Industrial Property Remediation and Reuse Act.

45. Defendants' continuing violations of, *inter alia*, CERCLA and the Rhode Island Hazardous Waste Management Act, § 23-19.1-1, *et seq*., and the Rhode Island Groundwater Protection Act are the proximate cause of substantial injury and damage to Plaintiff, including, but not limited to, injury in the form of damage to Plaintiff's Land.

46. Such violations of statutes are evidence of the Defendants' negligence and breach of their duties to Plaintiff.

47. Defendants breach of their duties to Plaintiff are continuing and have caused substantial injury and damage to Plaintiff, including, but not limited to, injury in the form of damages to its property.

**COUNT IV**

**PUBLIC NUISANCE**

48. Plaintiff repeats, realleges, and incorporates by reference Paragraph Nos. 1 through 47 of the Complaint as Paragraph No. 48 of this Count IV, as though fully set forth herein.

49. In contaminating the Plaintiff's Land, Defendants acted intentionally.

50. The consequences of the Defendants actions were substantially foreseeable.

51. Defendants caused the harm to the public.

52. The harm the Defendants caused to the public is substantial and unreasonable.

**COUNT V**

**PRIVATE NUISANCE**

53. Plaintiff repeats, realleges, and incorporates by reference Paragraph Nos. 1 through 52 of the Complaint as Paragraph No. 53 of this Count V, as though fully set forth herein.

54. Defendants continue to maintain, operate and control the Defendant's Land, a private nuisance to the Plaintiff's Land.

55. Contaminants released from the Defendant's Land continue to migrate into the Plaintiff's Land. This contamination includes exposure to hazardous contaminants via groundwater, vapor, and/or soil.

56. Defendants' continuing maintenance of the Defendant's Land so as to cause and permit further contamination of the Plaintiff's Land constitutes an

unreasonable, unwarranted and unlawful use of the Defendant's Land. Defendants' maintenance of this nuisance has substantially interfered with Plaintiffs' reasonable use and enjoyment of Plaintiff's Land.

57. Plaintiff has incurred substantial damage as a result of Defendants' ongoing maintenance of the Defendant's Land as a private nuisance.

**COUNT VI**

**TRESPASS**

58. Plaintiff repeats, realleges, and incorporates by reference Paragraph Nos. 1 through 57 of the Complaint as Paragraph No. 58 of this Count VI, as though fully set forth herein.

59. Defendants caused and permitted contaminants to continue to enter the Plaintiff's Land. This entry is unlawful and without the consent of members of the Plaintiff's Land.

60. In addition, contaminants, including vinyl chloride, that originate from the Defendant's Land are known by Defendant to be present at, on and/or in the Plaintiff's Land. In spite of this knowledge, Defendant has failed to remove or otherwise remediate these remaining contaminants from the Plaintiff's Land.

61. Defendants' continuing wrongful acts and omissions result in: releases of contaminants from the Defendant's Land into the environment; migration of such contaminants to the Plaintiff's Land and invasion of Plaintiff's Land, without the consent of Plaintiff.

62. The invasion of Plaintiff's Land is unreasonable and unlawful. As a result of Defendants' continuing trespasses, the lawful rights of Plaintiff to use and enjoy the Plaintiff's Land has been substantially interfered with, and Plaintiff has been damaged.

## COUNT VII

## EQUITABLE INDEMNIFICATION

63. Plaintiff repeats, realleges, and incorporates by reference Paragraph Nos. 1 through 62 of the Complaint as Paragraph No. 63 of this Count VII, as though fully set forth herein.

64. Plaintiff did not cause or contribute to the environmental contamination at the Defendant's Land or at the Plaintiff's Land and denies that it is liable for costs incurred as the result of the alleged release or threatened release of hazardous substances from the Defendant's Land. However, in the interest of an expeditious cleanup and acting in good faith, plaintiff has incurred and will incur costs necessary to respond to the release or threatened release of hazardous substances from the Defendant's Land consistent with the National Contingency Plan in an amount exceeding $2,000,000.

65. Defendants are liable to Plaintiff for equitable indemnification for all amounts that Plaintiff has incurred and may, in the future, incur as the result of the release or threatened release of hazardous substances from the Defendant's Land.

## COUNT VIII

## DIMINUTION OF VALUE OF PLAINTIFF'S LAND

66. Plaintiff repeats, realleges, and incorporates by reference Paragraph Nos. 1 through 65 of the Complaint as Paragraph No. 66 of this Count VIII, as though fully set forth herein.

67. By contaminating the Plaintiff's Land, Defendants caused physical damage to Plaintiff's Land.

68. Repair and remediation of the damage done to the Plaintiff's Land will not restore value of the Plaintiff's Land to its prior level

69. Plaintiff is entitled to the diminution in value of the Plaintiff's Land caused by the Defendants' contamination of the Plaintiff's Land.

## COUNT IX

## STRICT LIABILITY

70. Plaintiff repeats, realleges, and incorporates by reference Paragraph Nos. 1 through 69 of the Complaint as Paragraph No. 70 of this Count IX, as though fully set forth herein.

71. The injuries to the Plaintiff's Land were proximately caused by ultrahazardous or abnormally dangerous activities of the Defendants.

72. Defendants' ultrahazardous or abnormally dangerous activities caused damage to Plaintiff's Land.

## COUNT X

## VIOLATION OF RHODE ISLAND WATER POLLUTION CONTROL ACT

73. Plaintiff repeats, realleges, and incorporates by reference Paragraph Nos. 1 through 72 of the Complaint as Paragraph No. 73 of this Count X, as though fully set forth herein.

74. The Rhode Island Water Pollution Control Act, § 46-12-1, *et seq.* is designed, *inter alia*, to protect Rhode Island waters, human health and property.

75. Defendants' continuing violations of the Rhode Island Water Pollution Control Act are the proximate cause of substantial injury and damage to Plaintiff, including, but not limited to, injury in the form of damage to Plaintiff's Land.

76. Defendants' breaches of their duties to Plaintiff under the Rhode Island Water Pollution Control Act are continuing and have caused substantial injury and damage to Plaintiff, including, but not limited to, injury in the form of damages to its property.

77. By contaminating the Plaintiff's Land, Defendants caused physical damage to Plaintiff's Land, including water protected by the Water Pollution Control Act.

## Relief Requested

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and in favor of the Plaintiff against Defendant, and pray:

A. that the Court declare that Defendants are liable under Section 107(a) of CERCLA for the response costs incurred by Plaintiff in connection with the release of hazardous substances, including pre-judgment interest on such costs and order that Defendant reimburse Plaintiff for such response costs;

B. that the Court declare that Defendants are liable to plaintiff for contribution under CERCLA section 113(f), title 42, section 9613(f) of the United States Code, for all amounts that Plaintiff has incurred and may, in the future, incur as the result of the release or threatened release of hazardous substances from the Defendant's Land;

C. that the Court award Plaintiff judgment for all response costs including prejudgment interest, and attorneys' fees incurred by Plaintiff as of the trial of this matter;

D. that the Court award Plaintiff compensatory and other appropriate damages in an amount to be determined by the evidence at trial;

E. that the Court award Plaintiff punitive damages in an amount sufficient to deter Defendants and other companies and/or individuals who are similarly situated from acting in a similar manner; and

F. that the Court award Plaintiff its costs of suit, including expert fees and attorney's fees, and such other and further relief as the Court deems appropriate and just.

**Jury Trial Demanded**

Plaintiff requests trial by jury on all issues so triable.

**Airport Realty, LLC**
**By its attorneys,**

**Thomas V. Moses (#2763)**
**Stephen A. Izzi (#2928)**
**Moses Afonso Jackvony, Ltd.**
**170 Westminster Street, Suite 201**
**Providence, Rhode Island 02903**
**Ph: (401) 453-3600**
**Fx: (401) 453-3604**

**Dated: March 5, 2007**

G:\DATA\WPDATA\CARPIONATO.WARWICK AIRPORT ROAD\Franken Realty Complaint.doc