**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **AIRPORT ROAD, LLC** | : | |
| **Plaintiff** | : | |
| **VS.** | : | **C.A. No. 07-085ML** |
| | : | |
| **FRANKEN REALTY, a Rhode Island General Partnership consisting of Coval Kenneth Wild, Jr., Doug Laing and Frank Rawcliffe, and JAYBEE REALTY, LLC, a Rhode Island limited liability company** | : | |
| **Defendants** | : | |

**ANSWER OF DEFENDANT, JAYBEE REALTY, LLC.**

Defendant, JayBee Realty, LLC., by and through its attorneys, states its Answer and Affirmative Defenses to the Plaintiff's Complaint, as follows:

**INTRODUCTION**

Defendant, JayBee Realty, LLC., denies that any alleged costs of recovery described by Plaintiff were incurred "arising under" the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq*., as amended, or under any related Rhode Island law or statute.

**PARTIES**

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint. Therefore, Defendant denies each and every allegation contained in this paragraph of the complaint.

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint. Therefore, Defendant denies each and every allegation contained in this paragraph of the complaint.

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint. Therefore, Defendant denies each and every allegation contained in this paragraph of the complaint.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint. Therefore, Defendant denies each and every allegation contained in this paragraph of the complaint.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint. Therefore, Defendant denies each and every allegation contained in this paragraph of the complaint.

6. Admit.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's complaint. Therefore, Defendant denies each and every allegation contained in this paragraph of the complaint.

8. Admit.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint. Therefore, Defendant denies each and every allegation contained in this paragraph of the complaint.

**JURISDICTION AND VENUE**

10. Defendant admits that this Court has jurisdiction of claims arising out of CERCLA, but denies each and every other allegation contained within this paragraph of Plaintiff's complaint.

11. Defendant admits that this Court has pendant jurisdiction of claims arising out of state

law, but denies each and every other allegation contained within this paragraph of Plaintiff's complaint.

12. Defendant admits that venue is proper in this Court as Plaintiff's complaint asserts claims which allegedly occurred within this state, but otherwise deny the allegations contained within this paragraph of Plaintiff's complaint.

**FACTS**

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint.

14. Defendant admits that its land comprises approximately 4 and one-half acres located on Pavilion Avenue in the City of Warwick, Rhode Island and contains an industrial building, but denies the remainder of the allegations contained in this paragraph of Plaintiff's complaint.

15. Defendant admits that its property contains a manufacturing building and storage garage, and that it is mostly paved, but denies the remainder of the allegations contained in this paragraph of Plaintiff's complaint.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint. Therefore, Defendant denies each and every allegation contained in this paragraph of the complaint.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint. Therefore, Defendant denies each and every allegation contained in this paragraph of the complaint.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth or

falsity of the allegations contained in this paragraph of the complaint. Therefore, Defendant denies each and every allegation contained in this paragraph of the complaint.

19. Deny.

20. Deny.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint. Therefore, Defendant denies each and every allegation contained in this paragraph of the complaint.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the complaint. Therefore, Defendant denies each and every allegation contained in this paragraph of the complaint.

23. Deny.

24. Deny.

25. Deny.

## COUNT I

## CERLCA COST RECOVERY, 42 U.S.C. § 9607(a)

26. Defendant restates and incorporates by reference its responses to paragraphs 1 through 25 of Plaintiff's complaint.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

## COUNT II

## CERLCA COST RECOVERY, 42 U.S.C. § 9613(f)

35. Defendant restates and incorporates by reference its responses to paragraphs 1 through 34 of Plaintiff's complaint.

36. Deny.

37. Deny.

38. Deny.

## COUNT III

## NEGLIGENCE

39. Defendant restates and incorporates by reference its responses to paragraphs 1 through 38 of Plaintiff's complaint.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

**COUNT IV**

**PUBLIC NUISANCE**

48. Defendant restates and incorporates by reference its responses to paragraphs 1 through 47 of Plaintiff's complaint.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

**COUNT V**

**PRIVATE NUISANCE**

53. Defendant restates and incorporates by reference its responses to paragraphs 1 through 52 of Plaintiff's complaint.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

**COUNT VI**

**TRESPASS**

58. Defendant restates and incorporates by reference its responses to paragraphs 1 through 57 of Plaintiff's complaint.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

**COUNT VII**

**EQUITABLE INDEMNIFICATION**

63. Defendant restates and incorporates by reference its responses to paragraphs 1 through 62 of Plaintiff's complaint.

64. Deny.

65. Deny.

**COUNT VIII**

**DIMINUTION OF VALUE OF PLAINTIFF'S LAND**

66. Defendant restates and incorporates by reference its responses to paragraphs 1 through 65 of Plaintiff's complaint.

67. Deny.

68. Deny.

69. Deny.

**COUNT IX**

**STRICT LIABILITY**

70. Defendant restates and incorporates by reference its responses to paragraphs 1 through 69 of Plaintiff's complaint.

71. Deny.

72. Deny.

## COUNT X

## VIOLATION OF RI WATER POLLUTION CONTROL ACT

73. Defendant restates and incorporates by reference its responses to paragraphs 1 through 72 of Plaintiff's complaint.

74. This paragraph if denied as a legal conclusion.

75. Deny.

76. Deny.

77. Deny.

WHEREFORE, Defendant respectfully requests that this Court enter judgment for Defendant and against Plaintiff, and award Defendant its costs and attorney's fees.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim upon which relief may be granted.

2. Defendant is a bona fide prospective purchaser as defined by 42 U.S.C. § 9601(40), and is not liable to Plaintiff for any claims under CERCLA, pursuant to 42 U.S.C. § 9607(r).

3. Plaintiff has not alleged and cannot prove any facts that Defendant's conduct was the proximate cause of any release or threatened release, and therefore defendant is not liable to Plaintiff for any and all claimed damages.

4. Any alleged response costs incurred by Plaintiff were not approved under and are inconsistent with the National Contingency Plan.

5. Plaintiff's claims are barred by the doctrine of waiver, estoppel and laches.

6. Plaintiff has failed to mitigate, minimize or avoid their alleged damages.

7. Plaintiff's claims are barred by the applicable statute of limitations.

8. Defendant reserves the right to assert additional affirmative defenses upon the completion of discovery in this case, if any.

Defendant,
JayBee Realty, LLC
By its attorneys,

/s/ Joseph A. Sciacca
Joseph A. Sciacca #3367

/s/ Gregory P. Piccirilli
Gregory P. Piccirilli #4582

SCIACCA & PICCIRILLI
121 Phenix Avenue
Cranston, RI 02920
(401) 946-4900
Fax (401) 944-3250
joseph@splawri.com
gregory@splawri.com

**CERTIFICATION**

I hereby certify that on April 12, 2007, I sent a true copy of the within by electronic mail to the following:

Thomas V. Moses, Esq.
Stephen A. Izzi, Esq.
Moses Afonso Jackvony, Ltd.
170 Westminster Street, Suite 201
Providence, RI 02903
sizzi@mosesafonso.com

John T. Longo, Esq.
681 Smith Street
Providence, RI 02908
jtlongo@yahoo.com

/s/ Gregory P. Piccirilli