UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

**Airport Road, LLC**,

Plaintiff,

vs. CA 07 085 ML

**Franken Realty, Coval Kenneth Wild, Jr.,**
**Doug Laing and Frank Rawcliffe,** and
**Jay Bee Realty, LLC**.,

Defendants.

**Franken Realty, Coval Kenneth Wild, Jr.,**
**Doug Laing and Frank Rawcliffe**,

Cross-Claim Plaintiffs,

vs.

**Jay Bee Realty, LLC**.,

Cross-Claim Defendant.

---

**Answer and Cross-Claim**

**of Franken Realty, Coval Kenneth Wild, Jr., Doug Laing and Frank Rawcliffe**

In response to each paragraph of the Complaint in this matter, Franken Realty, Coval Kenneth Wild, Doug Laing and Frank Rawcliffe state as follows:

1. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

2. These Defendants Admit the allegations contained in this paragraph.

3. These Defendants Admit the allegations contained in this paragraph.

4. These Defendants Admit the allegations contained in this paragraph.

5. These Defendants Admit the allegations contained in this paragraph.

6. These Defendants Admit the allegations contained in this paragraph.

7. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

8. These Defendants Admit the allegations contained in this paragraph.

9. These Defendants Admit Franken Realty owned the Land until January 2007 and that they hold a mortgage on the Land. The Admit the COVAL was a Rhode Island corporation with its principal place of business located at 450 Pavilion Avenue, Warwick, Rhode Island, and they Admit C. Kenneth Wild, Jr. (Wild), was President of Coval for some time. They are without knowledge or information sufficient to form a belief as to the truth of the statement that Wild was President at all times relevant to this litigation so they Neither Admit nor Deny that statement. They Admit Coval's charter was revoked 1999.

10. These Defendants Admit this Court has jurisdiction to hear CERCLA claims but are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in this paragraph so they Neither Admit nor Deny them.

11. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

12. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

13. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

14. These Defendants Admit the allegations contained in this paragraph.

15. These Defendants Admit the Land is occupied by a building and a garage. They Admit a portion of what is grass was once the site of a lagoon. They Admit the Land is bordered by a residential property and Pavilion Avenue. They are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in this paragraph so they Neither Admit nor Deny them.

16. These Defendants Admit the Land is referenced on the CERCLIS database. They Admit the CERCLIS database is a compilation by the EPA of properties it has investigated or is investigating. They are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in this paragraph so they Neither Admit nor Deny them.

17. These Defendants admit some material was discharged into the former lagoon on the property. They are without knowledge or information sufficient to form a belief as to

the truth of the balance of the allegations contained in this paragraph so they Neither Admit nor Deny them.

18. These Defendants Admit the property was inspected at various times over the years and that volatile organic compounds were found in samples taken from the property. They are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in this paragraph so they Neither Admit nor Deny them.

19. These Defendants Admit the USEPA has identified them as potentially responsible parties with respect to hazardous substances on the Land and they Admit they have undertaken investigative and limited remedial activities. They Deny they have done anything without due consideration of the Plaintiff's property. They are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in this paragraph so they Neither Admit nor Deny them.

20. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

21. These Defendants Admit Wild had the power to supervise waste management activities by Coval for a certain period of time. They are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in this paragraph so they Neither Admit nor Deny them.

22. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

23. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

24. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

25. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

26. No response is required to this paragraph.

27. These Defendants Admit the allegations contained in this paragraph.

28. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

29. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

30. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

31. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

32. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

33. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

34. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

35. No response is required to this paragraph.

36. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

37. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

38. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

39. No response is required to this paragraph.

40. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

41. These Defendants Deny the allegations contained in this paragraph.

42. These Defendants Deny the allegations contained in this paragraph.

43. These Defendants Admit the allegations contained in this paragraph.

44. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

45. These Defendants Deny the allegations contained in this paragraph.

46. These Defendants Deny the allegations contained in this paragraph.

47. These Defendants Deny the allegations contained in this paragraph.

48. This paragraph does not require a response.

49. These Defendants Deny the allegations contained in this paragraph.

50. These Defendants Deny the allegations contained in this paragraph.

51. These Defendants Deny the allegations contained in this paragraph.

52. These Defendants Deny the allegations contained in this paragraph.

53. This paragraph does not require a response.

54. These Defendants Deny the allegations contained in this paragraph.

55. These Defendants Deny the allegations contained in this paragraph.

56. These Defendants Deny the allegations contained in this paragraph.

57. These Defendants Deny the allegations contained in this paragraph.

58. This paragraph does not require a response.

59. These Defendants Deny the allegations contained in this paragraph.

60. These Defendants Deny the allegations contained in this paragraph.

61. These Defendants Deny the allegations contained in this paragraph.

62. These Defendants Deny the allegations contained in this paragraph.

63. This paragraph does not require a response.

64. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph so they Neither Admit nor Deny them.

65. These Defendants Deny the allegations contained in this paragraph.

66. This paragraph does not require a response.

67. These Defendants Deny the allegations contained in this paragraph.

68. These Defendants Deny the allegations contained in this paragraph.

69. These Defendants Deny the allegations contained in this paragraph.

70. This paragraph does not require a response.

71. These Defendants Deny the allegations contained in this paragraph.

72. These Defendants Deny the allegations contained in this paragraph.

73. This paragraph does not require a response.

74. These Defendants Admit the allegations contained in this paragraph.

75. These Defendants Deny the allegations contained in this paragraph.

76. These Defendants Deny the allegations contained in this paragraph.

77. These Defendants Deny the allegations contained in this paragraph.

**Affirmative Defenses**

These Defendants assert the affirmative defenses of: a) laches; b) that the Plaintiff has failed to state a claim upon which relief can be granted; and c) that the claims against them are barred by the statute of limitations.

**Wherefore**, these Defendants request: a) that the Plaintiff's claims against them be denied and/or dismissed with prejudice; b) that the Plaintiff take nothing in this matter; c) that these Defendants be awarded costs and attorney fees incurred defending themselves; and d) that they be awarded such other relief as the Court may deem just and appropriate.

**Jury Trial**

These Defendants request a trial by jury.

Franken Realty, Coval Kenneth Wild, Jr.,
Doug Laing and Frank Rawcliffe,
By their Attorney,

/s/_____________________________

John T. Longo, Esq./#4928
681 Smith Street
Providence, RI 02908
(401) 272-2177
Fax (401) 274-5433
jtlongo@yahoo.com

**Cross-Claim**

**Introduction**

78. Franken Realty asserts this cross-claim against Jay Bee Realty alleging Jay Bee must, pursuant to an Environmental Indemnification agreement Jay Bee executed when it bought the property that is the subject of this litigation, defend and indemnify Franken from the claims Airport Road has asserted in this litigation.

**Parties, Jurisdiction, Venue**

79. Franken Realty (Franken), is a General Partnership consisting of Rhode Island residents Coval Kenneth Wild, Jr., Doug Laing and Frank Rawcliffe.

80. Jay Bee Realty, LLC (Jay Bee), is a limited liability corporation organized and existing under the laws of the State of Rhode Island with its principal place of business located in Rhode Island.

81. Venue is proper in this Court because all of the parties are Rhode Island residents.

82. This Court has ancillary jurisdiction over this cross-claim.

**Count 1 - Indemnification**

83. On or about January 16, 2007, Franken sold the property at 450 Pavilion Avenue, Warwick, Rhode Island, to Jay Bee.

84. As part of the sale, on or about January 16, 2007, Franken and Jay Bee executed an agreement entitled "Environmental Indemnification."

85. Pursuant to the terms of the "Environmental Indemnification" agreement, Jay Bee is obligated to indemnify, defend and hold harmless Franken from and against all liabilities, damages, fees, penalties and loses arising out of any demand, claim or suit by any party relating to any hazardous contaminants on the property at 450 Pavilion Avenue, Warwick, Rhode Island.

86. The claims asserted by Airport Road, LLC, in this litigation arise and relate to hazardous contaminants on the property at 450 Pavilion Avenue, Warwick, Rhode Island.

87. To the extent Franken is found liable to Airport Road, LLC, in this litigation for any claims arising or relating to hazardous contaminants on the property at 450 Pavilion Avenue, Warwick, Rhode Island, Jay Bee must indemnify Franken and satisfy any such liabilities.

**Wherefore**, Franken Realty requests: a) judgment declaring Jay Bee responsible for defending and indemnifying Franken in this litigation; b) judgment against Jay Bee for costs, Franken's defense costs, and satisfaction of any damages Airport Road, LLC, may be awarded in this litigation; c) and for such other relief as the Court may deem just and appropriate.

**Jury Trial**

These Cross-Claim Plaintiffs request a trial by jury on their Cross-Claim.

Franken Realty, Coval Kenneth Wild, Jr.,
Doug Laing and Frank Rawcliffe,
By their Attorney,

/s/_____________________________
John T. Longo, Esq./#4928
681 Smith Street
Providence, RI 02908
(401) 272-2177
Fax (401) 274-5433
jtlongo@yahoo.com

Date: April 27, 2007

**Certification**

I certify that on ____4/27/07_____ I electronically filed the above Answer and Cross-Claim with the Clerk of the federal District Court for the District of Rhode Island using the CM/ECF System.

The following participants received notice electronically:

Stephen A. Izzi, Esq.
Moses Afonso Jackvony, Ltd.
170 Westminster Street, Suite 201
Providence, RI 02903
(401) 453-3600
Fax (401) 453-3604
sizzi@mosesafonso.com

Gregory P. Piccirilli, Esq.
Piccirilli & Sciacca
121 Phenix Avenue
Cranston, RI 02920
(401) 946-4900
Fax (401) 944-3250
gregory@splawri.com

The following participants were mailed notice via first class mail:

Thomas V. Moses
Moses Afonso Jackvony, Ltd.
170 Westminster St., Suite 201
Providence, RI 02903

Joseph Sciacca, Esq.
Piccirilli & Sciacca
121 Phenix Avenue
Cranston, RI 02920
(401) 946-4900
Fax (401) 944-3250
joseph@splawri.com

/s/________________________
John T. Longo, Esq./#4928
jtlongo@yahoo.com